IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STUART F. COHEN,<br><br>        Plaintiff,<br>v.<br><br>INFINITE GROUP, INC.,<br><br>        Defendant. | Case No.: 3:23-cv-01277-JR<br><br>ORDER |

**Adrienne Nelson, District Judge**

        United States Magistrate Judge Jolie Russo issued a Findings and Recommendation ("F&R") in this case on November 15, 2023 in which she recommended granting defendant's motion to dismiss for lack of personal jurisdiction. Plaintiff timely filed objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

        A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

        Plaintiff Stuart F. Cohen brought this action against defendant Infinite Group, Inc. alleging breach of contract and retaliation in violation of Oregon Revised Statute ("ORS") §§ 659A.199 and 652.355

1

and seeking unpaid wages, penalties for late payment of wages at termination, and an order requiring defendant to sell and issue shares of defendant's common stock to plaintiff. Plaintiff, an Oregon resident and former employee of defendant, a corporation with its principal place of business in New York, alleges that defendant failed to pay him unused vacation time after he was terminated and failed to provide him additional compensation promised when plaintiff became Acting President of defendant's subsidiary, IGI Cybersecurity Services. Notice of Removal, ECF [1], Ex. 1 ("Compl."), ¶¶ 5-16.

Defendant moved to dismiss the case for lack of jurisdiction or, in the alternative, transfer the case to the Western District of New York. Mot. to Dismiss, ECF [6]. Judge Russo found that the Court lacks personal jurisdiction over defendant and recommended that the motion to dismiss be granted and the motion to transfer venue be denied as moot. F&R, ECF [15], at 14-15.

Plaintiff first objects to certain summarizations of the factual allegations, arguing that the F&R omits that plaintiff was expected to target potential investors in Oregon, some details of plaintiff and defendant's negotiation of plaintiff's stock compensation in exchange for serving as Acting President of IGI Cybersecurity Services, and certain contacts that defendant's employees allegedly made with Oregon through videoconference calls hosted by plaintiff from his home office in Oregon. Pl.'s Objs., ECF [17], at 2-4. The Court finds no inaccuracies in Judge Russo's summarization of the factual allegations and adopts it. The Court has, of course, reviewed the factual allegations in their entirety and keeps them in mind while reviewing the remainder of plaintiff's objections.

Plaintiff next objects to the F&R's finding that the Court lacks specific personal jurisdiction over defendant. More specifically, plaintiff objects to the finding that defendant did not purposefully avail itself of the forum or purposefully direct its activities into Oregon and objects to the finding that plaintiff's claims did not arise out of or relate to defendant's forum-related activities. *Id.* at 5-20.

The Ninth Circuit uses a three-prong test to determine if a defendant has sufficient minimum contacts to establish specific jurisdiction:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he

2

> purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs. If the plaintiff cannot satisfy both prongs, there is no personal jurisdiction. If the plaintiff succeeds in satisfying both prongs, the burden shifts to the defendant to "'present a compelling case'" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

To satisfy the first prong, plaintiff must show that defendant either "'purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" or purposefully directed actions at the forum state, even if those actions originated elsewhere. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). In contracts cases, a court generally asks "whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s][a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Iigue Contre Le Racisme*, 433 F.3d 1199 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). In torts cases, the Ninth Circuit generally applies an "effects test" that asks "whether or not the actions themselves occurred within the forum" in which the actions were felt. *Id.* Put differently, the effects test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. In applying the effects test, "the plaintiff cannot be the only link between the defendant and the forum . . . it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) and *Calder v. Jones*, 465 U.S. 783, 788-89 (1984)). "[A] 'mere injury to a forum resident is not a sufficient connection to the forum[]' . . . [r]ather, 'an injury is jurisdictionally relevant only

3

insofar as it shows that the defendant has formed a contact with the forum State.'" *Picot*, 780 F.3d at 1214 (quoting *Walden*, 571 U.S. at 285).

Considering each possible form of contact with Oregon, the F&R found that the following factual allegations failed to establish that defendant purposefully availed itself of Oregon: defendant hired plaintiff after he submitted himself, and did not specifically recruit an Oregon candidate; the offer letter stated that plaintiff would be based in a home office but did not require him to be located in Oregon; the signed non-disclosure agreement and disputed employment agreement contemplated New York as the forum for disputes; defendant had no offices and only three customers in Oregon; and plaintiff was not directed to target Oregon in any way. F&R 10-12.

Plaintiff argues that, contrary to the findings in the F&R, defendant "actively and purposefully recruited him to accept employment in Oregon with knowledge that he would work in Oregon," the offer letter specifically contemplated that plaintiff would work in Oregon, and that, generally, "mere acquiescence to remote work" and the fact that defendant was never physically present in Oregon should not foreclose a finding of purposeful availment. Pl.'s Objs. 6-10, 12. These allegations, however, focus on contacts that defendant made with plaintiff, not those that targeted at the forum. Injury to a forum resident is not sufficient to demonstrate that conduct was directed at that forum, and "a contract with an out-of-state-party alone can[not] automatically establish sufficient minimum contacts." *Burger King Corp.,* 471 U.S. at 478; *Picot*, 780 F.3d at 1214 (citing *Walden*, 571 U.S. at 285). And although defendant may have permitted plaintiff to work remotely in Oregon, the pleadings do not allege that it actively recruited him or purposefully hired him to strengthen its relationship with Oregon. Plaintiff could have conducted his work from any state remotely. Given these facts, and without anything more to suggest that defendants sought to avail themselves of the forum itself, plaintiff's remote contract is not sufficient to establish minimum contacts with Oregon. *See Perry v. Nat'l Ass'n of Home Builders of United States*, No. CV TDC-20-0454, 2020 WL 5759766, at *4 (D. Md. Sept. 28, 2020) (finding personal jurisdiction over non-resident defendant corporation where defendant provided plaintiff employee with equipment and registered a sales office in plaintiff's state in order to grow business there); *Callahan v. Wisdom*, No. 3:19-

4

CV-00350 (KAD), 2020 WL 2061882, at *12 (D. Conn. Apr. 29, 2020) (finding no personal jurisdiction over non-resident defendant corporation that hired consultant to work remotely whose location was "purely incidental to his work for" defendant); *Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 652 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) (finding no personal jurisdiction over non-resident defendant corporation where plaintiff submitted herself for a position, requested remote work, and defendant did not have any offices or other employees work in or travel to plaintiff's state); *cf. Cossart v. United Excel Corp.*, 804 F.3d 13, 22 (1st Cir. 2015) (reversing district court dismissal for lack of personal jurisdiction over non-resident defendant corporation where defendant registered a sales office in the state and sought employee to work in the state as a salesman); *Harris v. Chroma Cars, LLC*, No. EDCV 21-1492 JGB (SPx), 2022 WL 1844116, at *2, 9 (C.D. Cal. Feb. 25, 2022) (finding personal jurisdiction where former independent contractor was "actively recruited" to become employee of non-resident defendant and work remotely and where defendant sought to "strengthen its relationship with" the forum state.); *Moore v. Gulf Atl. Packaging Corp.*, No. 3:16-CV-886-PK, 2016 WL 8231142, at *7-8 (D. Or. Nov. 29, 2016) (finding personal jurisdiction over non-resident defendant corporation where it hired plaintiff as salesperson in Oregon, registered to do business in Oregon, and registered a care for plaintiff to use for work purposes in Oregon), *report and recommendation adopted*, No. 3:16-CV-00886-PK, 2017 WL 540051 (D. Or. Feb. 9, 2017).

Plaintiff raises the fact that the non-disclosure agreement discussed in the filings purports only to cover disputes related to proprietary information, and that neither party ever signed the employment agreement, limiting any effect of the New York forum selection clauses. Pl.'s Objs. 10-11.  Even without considering these documents, however, there is still insufficient evidence to find that defendant purposefully availed itself of Oregon.

Finally, plaintiff argues that the F&R failed to consider that when defendant hired plaintiff, it contemplated "significant future consequences" in Oregon, creating minimum contacts sufficient to establish purposeful availment. *Id.* at 14-15.  Plaintiff specifically points to the fact that plaintiff's employment contemplated that he would regularly conduct business from Oregon for two years, that his

5

role might be expanded, that he might need to hire additional employees in Oregon, and that defendant indicated that it sought to comply with Oregon employment laws. *Id.* The F&R does explicitly include "contemplated future consequences" as a factor to be considered when analyzing whether a defendant has purposefully availed itself of a forum. F&R 9. As discussed above, when considered as a whole, the allegations, including allegations that plaintiff worked from Oregon, received a promotion while working from Oregon, hired an employee who was also located in Oregon, and that defendant sent an email indicating that plaintiff's termination complied with Oregon law, do not establish that defendant purposefully availed itself of the forum. For these reasons, the Court adopts the finding that defendant did not purposefully avail itself of Oregon.

After addressing purposeful availment, the F&R found that plaintiff did not establish purposeful direction because defendant's relationship with Oregon arose from its contacts with plaintiff and not the forum itself, and the fact that plaintiff and defendant may have communicated and made contacts with the forum through online platforms was not sufficient. F&R 13.

Plaintiff argues that the F&R ignores certain forum-directed conduct, including when defendant entered into a second employment contract "centered" in Oregon, when plaintiff became Acting Director of IGI Cybersecurity Services, and that defendant's use of email, telephone, and internet-based communications was so significant as to establish purposeful direction. Pl.'s Objs. 15-19. Defendant's conduct, however, was directed at plaintiff, who happened to reside in Oregon, and not with the forum itself. These allegations are not sufficient to establish purposeful direction. *See Walden*, 571 U.S. at 286 (2014) ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). Accordingly, the Court adopts the finding that defendant did not purposefully avail itself of the forum.

Having found that plaintiff failed to satisfy the first prong of specific jurisdiction, the F&R declined to analyze whether the claim arises out of or relates to defendant's forum-related activities, while noting that defendant had "virtually no contacts with the forum." F&R 14. For the reasons described above,

6

plaintiff contends that defendant has meaningful minimum contacts with the forum and the claims arise out of those contacts. Pl.'s Objs. 19-20. Because this Court adopts the finding that plaintiff failed to satisfy the first prong of specific jurisdiction, however, it is unnecessary to consider whether the claim arises out of or relates to defendant's forum-related activities.

After finding that the Court lacked jurisdiction, the F&R recommended that the motion to dismiss be granted and that defendant's alternative motion to transfer this action to the Western District of New York be denied as moot. F&R 14-15. No party has objected to the recommendation that the motion to transfer be denied as moot.

If a case is filed in the wrong division or district, the district court may, "if it be in the interest of justice," transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). 28 U.S.C. § 1631 similarly directs a court to transfer an action over which it lacks jurisdiction to any other court in which it could have been brought "if it is in the interest of justice." The decision whether to dismiss or transfer a case is within the discretion of the court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("Even though the federal defendants originally requested transfer rather than dismissal, the district court did not abuse its discretion by dismissing."). The Ninth Circuit, however, "has taken a broad view of when transfer is appropriate, recognizing that '[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal citation and quotation marks omitted)). When considering whether a transfer is in the interest of justice, courts should weigh "whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). There is prejudice to a litigant if dismissal would create a statute of limitations issue for plaintiff. *NxSystems, Inc. v. Monterey Cnty. Bank*, No. 3:12-CV-00905-ST, 2012 WL 4093932, at *9 (D. Or. Sept. 17, 2012).

Defendant does not dispute that it is a resident of the Western District of New York and

would be subject to the court's personal jurisdiction there if the case were transferred. It does not, however, explain why transfer would be in the interest of justice. The section of defendant's motion dedicated to the issue of transfer of venue is, instead, a threat to bring counterclaims related to allegations that plaintiff breached a non-disclosure agreement should this matter be litigated in New York. Mot. to Dismiss 20-21. Plaintiff "opposes and does not consent to" the transfer request. Pl.'s Resp., ECF [9], at 19. While plaintiff filed this action in the District of Oregon in good faith, and while it will be time consuming for him to file again in another venue, on balance transfer would not be in the interest of justice. Plaintiff does not consent to a transfer, and it is not clear that he would refile his complaint in the Western District of New York. If plaintiff does choose to refile his complaint, the statute of limitations for breach of contract actions is six years in both Oregon and New York, so he will not be barred from doing so by a dismissal. *See* Or. Rev. Stat. § 12.080; N.Y. C.P.L.R. 213. Accordingly, and because no party objects, the Court adopts the recommendation that the alternative motion to transfer venue be denied as moot.

For the foregoing reasons, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [15]. Defendant's Motion to Dismiss, ECF [6], is GRANTED. The alternative motion to transfer venue is DENIED as moot. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 11th day of July, 2024.

_____
Adrienne Nelson
United States District Judge